# In the United States Court of Federal Claims

No. 24-215C
Filed: May 31, 2024

```
* * * * * * * * * * * * * *   *
                              *
HAO LIU,                      *
                              *
            Plaintiff,        *
                              *
      v.                      *
                              *
UNITED STATES,                *
                              *
            Defendant.        *
                              *
* * * * * * * * * * * * * *   *
```

**Hao Liu**, pro se, Allen, TX.

**Alexander S. Brewer**, Trial Attorney, Commercial Litigation Branch, Civil Division United States Department of Justice, Washington DC, for defendant. With him were **Albert S. Iarossi**, Assistant Director, **Patricia M. McCarthy**, Director, Commercial Litigation Branch, and **Brian M. Boynton**, Principal Deputy Assistant Attorney General, United States Department of Justice, Washington, DC.

# O P I N I O N

**HORN, J.**

On February 12, 2024, pro se plaintiff Hao Liu filed a complaint in the United States Court of Federal Claims titled "MOTION FOR LEAVE TO FILE FTCA COMPLAINT OBSTRUCTION RETALIATION CONGRESSIONAL ADMINISTRATIVE COURT PROCEEDING."[1] In response to plaintiff's complaint, defendant filed a motion to dismiss pursuant to Rule 12(b)(1) (2023) of the Rules of the United States Court of Federal Claims (RCFC) for lack of subject matter jurisdiction. In his complaint in this court, filing as "US EX REL LIU vs. US., ET AL.," and under the heading "PARTIES TO THE PROCEEDING," the complaint lists "Party of Interest and Relative Proceedings," including "U.S. SENATE Senator Dick Durbin Honorable Committee Chair Committee on the Judiciary," "AOUSC Director and or Deputy Director Administrative Office of the United States Courts," and "Mr. Andrew P. Grant General Counsel For the Committee on Financial Disclosure." The complaint further lists as "Respondents," the "Subject Magistrate 'Kimberly C. Prest Johnson,' Subject Judge 'Amos L. Mazzant' and Whomever Name(s) yet to be Known" in

---

[1] Capitalization, grammar, punctuation, abbreviations, spelling, emphasis, and choice of words when quoted in this Opinion are as they originally appear in plaintiff's complaint.

the United States District Court Eastern District of Texas as well as "Subject Employee 'Melissa Shanklin,' Subject Chief Judge 'Priscilla Richman,' and Whomever Name(s) yet to be Known Judicial Council for the Fifth Circuit."

Plaintiff claims that he has suffered tortious injuries arising under the Federal Tort Claims Act (FTCA), and states his claim is an "FTCA COMPLAINT." Plaintiff alleges that 28 U.S.C. § 2679(b)(1) (2018) and 28 U.S.C. § 1346(a)(2) (2018) establish this court's jurisdiction over his tort claims.[2] Although plaintiff identifies his claim as an "FTCA Complaint," the body of his confusing complaint alleges claims which could be construed as criminal law claims, as well as various other civil law based allegations. Among his non-tort based claims, plaintiff alleges "monetary gain on the usury public charges

---

[2] Section 2679(b)(1) of title 28 provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).

Section 1346(a)(2) of title 28 provides:

> Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 7104(b)(1) and 7107(a)(1) of title 41. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

28 U.S.C. § 1346(a)(2).

2

wrongful use of actual or threatened force, foreclose, violence, and fear cause injury and death," "corruption, destruction to retaliation proceeding," allegedly implicating "contributory vicarious liability the <u>respondeat superior</u> responsibility."[3]

In addition, plaintiff conflates allegations of civil claims and criminal violations. For example, in addition to FTCA claims, plaintiff also alleges harm as a result of tort claims and "MENS REA CRIMINAL LIABILITY ABSOLUTE STRICT CONSEQUENCES." Moreover, plaintiff refers to alleged obstruction of justice before "THE COURT AND CONGRESS" by "DEFENDANTS AND JUDICIAL OFFICER(S) EMPLOYEE(S)." Plaintiff also alleges "Subject matter specific behavior obstruction by violence, corruption, destruction to retaliation proceeding before United States Senate and only for the REQUEST FOR EXAMINATION OF REPORT FILED BY A JUDICIAL OFFICER OR JUDICIAL EMPLOYEE before AOUSC due examine review." Plaintiff further alleges

> criminal activities subject magistrate subject judge utilization by means of proceeding process allowance hesitation, reluctant, refusal to prolonging a period of time length that subject magistrate subject judge creation horrifying effect "<u>THROWN PLAINTIFF TO THE WOLVES</u>" with specific intent solicited, commanded, induced, persuade defendants to continuance use of force, violent obstruction by involvement killing meaning assault to injury severe traumatic brain injuries mental anguishment strict emotional distress.

Regarding the criminal law claims, plaintiff attempts to cite to a host of disparate statutes, including 18 U.S.C. § 115 (2018), titled "Influencing, impeding, or retaliating against a Federal official by threatening or injuring a family member," 18 U.S.C. § 201 (2018), titled "Bribery of public officials and witnesses," 18 U.S.C. § 371 (2018), titled "Conspiracy to commit offense or to defraud United States." Plaintiff cites also 18 U.S.C. § 1001 (2018), titled "Statements or entries generally," 18 U.S.C. § 1501 (2018), titled "Assault on process server," 18 U.S.C. § 1502 (2018), titled "Resistance to extradition agent," 18 U.S.C. § 1503 (2018), titled "Influencing or injuring officer or juror generally," 18 U.S.C. § 1504 (2018), titled "Influencing juror by writing," 18 U.S.C. § 1505 (2018), titled "Obstruction of proceedings before departments, agencies, and committees," and 18 U.S.C. § 1506 (2018), titled "Theft or alteration of record or process; false bail." Additionally, plaintiff cites to 18 U.S.C. § 1512 (2018), titled "Tampering with a witness, victim, or an informant," 18 U.S.C. § 1513 (2018), titled "Retaliating against a witness, victim, or an informant," 18 U.S.C. § 1514 (2018), titled "Civil action to restrain harassment of a victim or witness," 18 U.S.C. § 1514A (2018), titled "Civil action to protect against retaliation in fraud cases," and 18 U.S.C. § 1515 (2018), titled "Definitions for certain provisions; general provision," 18 U.S.C. § 1519 (2018), titled "Destruction, alteration, or falsification of records in Federal investigations and bankruptcy," 18 U.S.C. § 1520

---

[3] Plaintiff states "ON THE COMPLIANT FOR FEDERAL CLAIM SUBJECT OFFICER(S) EMPLOYEE(S) DEFENDANTS BEHAVIOR ABSOLUTE STRICT LIABILITY OBSTRUCTION CONGRESSIONAL ADMINISTRATIVE TAMPERING RETALIATION WITNESS."

(2018), titled "Destruction of corporate audit records," and 18 U.S.C. § 1521 (2018), titled "Retaliating against a Federal judge or Federal law enforcement officer by false claim or slander of title."

Plaintiff in his complaint further relies on various other statutory provisions, such as 18 U.S.C. § 1621 (2018), titled "Perjury generally," 18 U.S.C. § 1622 (2018), titled "Subornation of perjury," 18 U.S.C. § 1623 (2018), titled "False declarations before grand jury or court," 18 U.S.C. § 1951 (2018), titled "Interference with commerce by threats or violence," 18 U.S.C. § 1956 (2018), titled "Laundering of monetary instruments," and 18 U.S.C. § 1957 (2018), titled "Engaging in monetary transactions in property derived from specified unlawful activity."

With respect to further jurisdictional grounds, plaintiff tries to rely on the same grounds as in his tort claim, citing 28 U.S.C. § 2679(b)(1), under the title "Exclusiveness of remedy" and 28 U.S.C. § 1346(a)(2), under the title "United States as defendant," and 28 U.S.C. § 1391(e), Under the heading "Venue Generally," plaintiff cites to 28 U.S.C. § 1391(e).[4] In the part of plaintiff's complaint confusingly titled "Venue," plaintiff states:

> The Little Tucker Act suits brought against the United States pursuant to 28 U.S.C. §1346(a)(2) mandate jurisdiction where the plaintiff resides being-had-been denied, process destructive to access district court and circuit court affected property allocation; and, this claim before United States Court of Federal Claims thus is jointly Federal Tort Claims Act which brought to

---

[4] Section 1391(e) of title 28 provides that in actions when defendant is an officer or employee of the United States:

> (1) In general. A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.
>
> (2) Service. The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought.

28 U.S.C. § 1391(e).

4

be in the judicial district wherein the act or omission complained occurred before Senate and its AOUSC just appropriate is pursuant 28 U.S.C. §1402(b); This claim and or suits against government officers acting in their official capacities or under color of office or legal authority, and against government agencies or the United States, maybe brought, is pursuant to 28 U.S.C. 1391(e), in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, a real property involved this claim before Senate and AOUSC.

Plaintiff appears to have filed numerous cases in a variety of federal courts.[5] Plaintiff's complaint in the above captioned case attempts to appeal previously filed and decided cases, including, particularly the United States District Court for the Eastern District of Texas case of Liu v. Specialized Loan Servicing LLC, 2022 WL 18276698. In the case currently under review by this court, plaintiff claims wrongful denial of access to

---

[5] Plaintiff has filed suit in the United States District Court for the Eastern District of Texas, the United States District Court for the Northern District of Texas, United States District Court for the Northern District of New York, and the United States District Court for the District of Columbia, among others. See Hao Liu v. Plano Medical Ctr., 328 F. App'x 904 (5th Cir. 2009); see also Liu v. Specialized Loan Servicing LLC, No. 4:22-CV-633-ALM-KPJ, 2022 WL 18276698, at *2 (E.D. Tex. Oct. 20, 2022), report and recommendation adopted sub nom. Liu v. Specialized Loan Servicing, No. 4:22-CV-633, 2023 WL 175165 (E.D. Tex. Jan. 12, 2023); Hao Liu v. QBE-Commercial Check#00361360 In $1,641.00 & Proceeds of All Funds In JPMorgan Chase Bank of Syracuse N.Y. Account-Number Xxxxx7005, 5:21-CV-1111 (N.D.N.Y. Oct. 15, 2021); Hao Liu v. Wells Fargo Bank, et al., No. 4:19-CV-849 (E.D. Tex. Jan. 29, 2020); Hao Liu v. Wells Fargo Bank, No. 4:19-CV-849, 2019 WL 7875056 (E.D. Tex. Dec. 12, 2019), report and recommendation adopted, No. 4:19-CV-849, 2020 WL 467766 (E.D. Tex. Jan. 29, 2020); Hao Liu v. Flowers Davis, PLLC, No. 4:17-CV-263, 2018 WL 4997075 (E.D. Tex. Mar. 16, 2018), report and recommendation adopted, No. 4:17-CV-263, 2018 WL 4997067 (E.D. Tex. May 22, 2018); Hao Liu v. City of Allen, No. 4:17-CV-00874, 2018 WL 2144363, at *6 (E.D. Tex. Mar. 12, 2018), report and recommendation adopted, No. 4:17-CV-874, 2018 WL 2129451 (E.D. Tex. May 9, 2018); Hao Liu v. Flowers Davis, PLLC, No. 4:17-CV-263-ALM-KPJ, 2017 WL 10403342 (E.D. Tex. May 9, 2017), report and recommendation adopted, No. 4:17-CV-263, 2017 WL 10403340 (E.D. Tex. July 11, 2017); Hao Liu on Behalf of United States v. Hopkins Cnty., No. 4:16-CV-694, 2016 WL 11200229, at *2, *6 (E.D. Tex. Dec. 20, 2016), report and recommendation adopted sub nom. Liu v. Hopkins Cnty., No. 4:16-CV-694, 2017 WL 382281 (E.D. Tex. Jan. 27, 2017); Hao Liu v. Flowers Davis, PLLC, No. 4:17-CV-263 (E.D. Tex. July 11, 2017); Hao Liu v. Hopkins Cnty., No. 14-CV-1762, 2015 WL 4978682 (D.D.C. Aug. 20, 2015), aff'd sub nom. Hao Liu v. Hopkins Cnty. Sulphur Springs, Texas, 672 F. App'x 23 (D.C. Cir. 2016); U.S. ex rel Hao Liu v. Med. Ctr. of Plano, No. 4:09-CV-625, 2010 WL 4226766 (E.D. Tex. Sept. 27, 2010), report and recommendation adopted sub nom. U.S. ex rel. Hao Liu v. Med. Ctr. of Plano, No. 4:09-CV-625, 2010 WL 4226762 (E.D. Tex. Oct. 26, 2010); Hoi v. Texas Dep't of Hous., No. 3:06-CV-0385, 2006 WL 8437036 (N.D. Tex. May 2, 2006).

justice in the United States District Court for the Eastern District of Texas, seeking redress for

> robbery extortion utilization inflicting fear under state color "Official Right" wrongful use of actual or threatened force, violence, fear, result actual injury and death for the purpose unlawfully obtaining property under color "Official Right" by means forgery counterfeit duplicate collection falsification property taxation, lien compound other fictitious obligations mortgage, insurance private illicit profits monetary gain on the usury public charges wrongful use of actual or threatened force, foreclose, violence, and fear cause injury and death for the purpose obtaining property from the others that is appeared in the pattern with subject magistrate subject judges consent under color of official right.

Plaintiff's claims appear to be raised against the Judge who presided over plaintiff's previously filed case of Liu v. Specialized Loan Servicing LLC, and against the mortgage company apparently involved in the case.

In the case currently under review in this court, plaintiff's complaint seeks the following relief:

(a) Timely declaratory defendants billed, collected, obtained by ransom extortion joint subsequent several liability to the proceed in sum accumulative whatsoever amount for the purpose obstructing Congressional and Federal administrative Court proceeding pursuant to statute 18 U.S.C. §§115, 201, 371, 1001, 1346, 1503, 1505, 1512, 1513, 1519, 1520, 1621, 1622, 1623, 1951 said unlawful;

(b) Order asset trace defendants billed, collected, obtained by ransom extortion joint subsequent several liability depository financial institution account and or accounts; and arrest, seize, freeze to forfeiture asset investment domestic offshore relevant traceable identifiable account property pursuant money laundering offenses 18 U.S.C. §1956(a)(1)(A)(ii) said prohibition criminal derivation of property; and, Order disgorgement or compensatory affiant petitioner applicant in the equal amount to three-fold defendants entire proceed in sum;

(c) Sequential procedural to the above protection Congress government process, then issue an order injunction specifically indefinitely defendants and or any person, entity or its agent from any activities direct or indirect in any connectivity to tampering with victims, witnesses, or informants pursuant to prescribed 18 U.S.C. §1512 said prohibitive defendants and or any person, entity, or its agent device-to-lien on or any portion on the title affiant petitioner applicant (Mr. Hao Liu) owned the property allocated at "18111 Drake Dr., Allen, Texas 75002-5804" for any billing, collecting, obtaining due any fees, interest in the any amount by transfer all its attachment jurisdictional any matter to the "Superior Court of the District of Columbia, Washington, D.C. 20001" for

6

       ancillary aroused proceedings Congressional, Senate, AOUSC and or other Federal administrative entitled venue;

(d) Order subject magistrate subject judge and the entire <u>United States District Court Eastern District of Texas</u> whomever judicial officers, judicial employees are be in full disclosure to publish financial report filed in accordance 5 U.S.C. §§13101-11, with any financial interest agreement, transaction, exchange in between defendants for effort to vindicating public interest trust confidence.

(e) Permit allowance affiant petitioner applicant amendment applicable additional damages in the any connection due proceeding before Congressional, Senate, AOUSC and or other Federal administrative entitled venue;

(internal references omitted).

      As indicated above, in response to plaintiff's complaint, on April 16, 2024, defendant filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Defendant argues that "[t]his Court does not possess jurisdiction over FTCA claims." (alteration added). Defendant also argues "[b]ecause the only possible claim in Mr. Liu's complaint is one for a tort, his complaint should be dismissed." (alteration added). Defendant further argues that to the extent plaintiff asserts claims of criminal conduct, the United States Court of Federal Claims lacks subject matter jurisdiction to adjudicate such claims. Moreover defendant argues that "[t]o the extent Mr. Liu is asserting claims of judicial misconduct, this Court does not have jurisdiction over claims of judicial misconduct." (alteration added). Plaintiff's response to the motion to dismiss was due by May 17, 2024, but as of May 31, 2024, plaintiff has not filed a response to the motion to dismiss. Plaintiff, however, has submitted multiple irrelevant and non-responsive documents to court, which have been rejected as not in compliance with Rules of the United States Court of Federal Claims.

## DISCUSSION

      The court recognizes that plaintiff in the above captioned case is proceeding <u>pro se</u>. When determining whether a complaint filed by a <u>pro se</u> plaintiff is sufficient to invoke review by a court, a <u>pro se</u> plaintiff is entitled to a more liberal construction of the <u>pro se</u> plaintiff's pleadings. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (requiring that allegations contained in a <u>pro se</u> complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), <u>reh'g</u> <u>denied</u>, 405 U.S. 948 (1972); <u>see</u> <u>also</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 (1980); <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), <u>reh'g</u> <u>denied</u>, 429 U.S. 1066 (1977); <u>Matthews v. United States</u>, 750 F.3d 1320, 1322 (Fed. Cir. 2014); <u>Jackson v. United States</u>, 143 Fed. Cl. 242, 245 (2019), <u>Diamond v. United States</u>, 115 Fed. Cl. 516, 524 (2014), <u>aff'd</u>, 603 F. App'x 947 (Fed. Cir.), <u>cert.</u> <u>denied</u>, 575 U.S. 985 (2015). However, "[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." <u>Lengen v. United States</u>, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting <u>Scogin v. United States</u>, 33 Fed. Cl. 285, 293 (1995) (quoting <u>Clark v. Nat'l Travelers Life Ins. Co.</u>,

7

518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.") (alterations added); Hartman v. United States, 150 Fed. Cl. 794, 796 (2020); Schallmo v. United States, 147 Fed. Cl. 361, 363 (2020); Hale v. United States, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004) (alteration added)))); Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) (first alteration added)))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also St. Bernard Parish Gov't v. United States, 916 F.3d 987, 992-93 (Fed. Cir. 2019) ("[T]he court must address jurisdictional issues, even sua sponte, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case." (citing Foster v. Chatman, 578 U.S. 488, 495 (2016)) (alterations added); Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007); Haddad v. United States, 152 Fed. Cl. 1, 16 (2021); Fanelli v. United States, 146 Fed. Cl. 462, 466 (2020). The Tucker Act, 28 U.S.C. § 1491 (2018), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for

8

damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); see also Me. Cmty. Health Options v. United States, 140 S. Ct. 1308, 1327-28 (2020); United States v. Mitchell, 463 U.S. 206, 216 (1983); Sanford Health Plan v. United States, 969 F.3d 1370, 1378 (Fed. Cir. 2020); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999); Gulley v. United States, 150 Fed. Cl. 405, 411 (2020); Kuntz v. United States, 141 Fed. Cl. 713, 717 (2019). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States. . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881 (Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States." (alteration and omission added)); Olson v. United States, 152 Fed. Cl. 33, 40-41 (2021); Jackson v. United States, 143 Fed. Cl. at 245. In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The Ontario Power Generation, Inc. court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket' " (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. Testan], 424 U.S. [392,] 401-02, 96 S. Ct. 948, 47 L.Ed.2d 114 [(1976)] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim–whether it be the Constitution, a statute, or a regulation–does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S.,

9

372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004) (alterations added); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009); Medrano v. United States, 159 Fed. Cl. 537, 542, supplemented 161 Fed. Cl. 207 (2022); Szuggar v. United States, 145 Fed. Cl. 331, 335 (2019). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision [ ] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)." (alterations in original)); see also Me. Cmty. Health Options v. United States, 140 S. Ct. at 1327-28. "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp. v. United States, 881 F.3d at 881; Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (noting that the absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act"); Olson v. United States, 152 Fed. Cl. at 41; Downey v. United States, 147 Fed. Cl. 171, 175 (2020) ("And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation . . . ." (citing Cabral v. United States, 317 F. App'x 979, 981 (Fed. Cir. 2008))); Jackson v. United States, 143 Fed. Cl. at 245 ("If the claim is not based on a 'money-mandating' source of law, then it lies beyond the jurisdiction of this Court." (citing Metz v. United States, 466 F.3d 991, 997 (Fed. Cir. 2006)).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." RCFC 8(a)(1), (2) (2023); Fed. R. Civ. P. 8(a)(1), (2) (2024); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to

support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998) (alteration added); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)); "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014); see also Hale v. United States, 143 Fed. Cl. at 190. As stated in Ashcroft v. Iqbal, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (alteration in Bell Atl. Corp. v. Twombly)).

Not only is plaintiff's complaint difficult to follow, but plaintiff's complaint also has failed to raise any claims which are within the jurisdiction of this court. To the extent that plaintiff may be seeking to raise claims based on tortious actions, including under the FTCA, the Tucker Act, 28 U.S.C. § 1491(a)(1), quoted above, specifically excludes tort claims from the jurisdiction of the United States Court of Federal Claims, and the case which have addressed the issue also have uniformly found that this court does not have jurisdiction to adjudicate claims sounding in tort. See 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Allen v. United States, 88 F.4th 983, 986 (Fed. Cir. 2023); Rick's Mushroom Serv. Inc., v. United States, 521 F.3d at 1343 ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."); Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.) ("Because Brown and Darnell's complaints for 'fraudulent assessment[s]' are grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims.") (alteration in original), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Robinson v. United States, 170 Fed. Cl. 125, 130 (2024); Martin v. United States, 169 Fed. Cl. 342, 345 (2024) ("it is well settled that this Court 'lacks jurisdiction to hear . . . FTCA claim[s] for allegedly tortious conduct by the United States or its agents because it is specifically barred from hearing tort cases.'") (quoting Canuto v. United States, 615 F. App'x 951, 953 (Fed. Cir. 2015) (citing 28 U.S.C. § 1491(a)(1)) (first alteration added, second alteration and omission in original); Walker v. United States, 168 Fed. Cl. 171, 176 (2023); Hastings v. United States, 165 Fed. Cl. 1, 5 (2023) ("A claim for damages over alleged pain, suffering, and humiliation sounds in tort—we plainly may not exercise jurisdiction over torts"); Rancho de Dias Alegres LLC v. United States, 168 Fed. Cl. 139, 144 (2023); Kinney v. United States, 161 Fed. Cl. 644, 649 (2022) ("this court is expressly prohibited from exercising jurisdiction over tort claims"); Schneiter v. United States, 159 Fed. Cl. 356, 367 (2022) ("to the extent that plaintiff asserts a tort claim, that claim must be dismissed for lack of subject-matter jurisdiction."); Turner v. United States, 160 Fed. Cl. 242, 245 (2022); Jackson v. United States, 162 Fed. Cl. 282, 291 (2022); Kant v. United States, 123 Fed. Cl. 614, 616 (2015) ("[Plaintiff's] claims for 'conversion' and 'fraud' sound in tort. . . .") (alteration added); Cox v. United States, 105 Fed. Cl. 213, 218 ("[P]laintiffs contend that the United States has engaged in tortious conduct, including

harassment and persecution, malfeasance, fraud, abuse, and deception. However, the Court of Federal Claims does not possess jurisdiction to entertain claims sounding in tort." (alteration added)), appeal dismissed (Fed. Cir. 2012); Reid v. United States, 95 Fed. Cl. 243, 249 (2010) (dismissing plaintiff's invasion of privacy claims for lack of jurisdiction); Jumah v. United States, 90 Fed. Cl. 603, 607 (2009) ("[I]t is well-established that the Court of Federal Claims does not have jurisdiction over tort claims.") (alteration added) aff'd, 385 F. App'x 987 (Fed. Cir. 2010); Mendes v. United States, 88 Fed. Cl. 759, 762 (plaintiff's claim for invasion of privacy is a tort claim over which this Court lacks jurisdiction); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009). To the extent that plaintiff asserts claims sounding in tort, including any claims under the FTCA, such claims are not within the jurisdiction of this court and must be dismissed.

As listed above, plaintiff also has made allegations which are based on many statutes in the federal criminal code, including: 18 U.S.C. § 115, 18 U.S.C. § 201, 18 U.S.C. § 371, 18 U.S.C. § 1001, 18 U.S.C. §§ 1501-06, 18 U.S.C. §§ 1512-15, and 18 U.S.C. §§ 1519-21, 18 U.S.C. §§ 1621-23, 18 U.S.C. § 1951, and 18 U.S.C. §§ 1956-57. Plaintiff claims extortion, and various forms of obstruction of justice, allegedly committed by the judge in the United States District Court for the Eastern District of Texas proceedings in Liu v. Specialized Loan Servicing LLC, including "alleged pattern corruption subject magistrate, subject judges being-had-been subject matter due good behavior otherwise that is appearance dishonest, fraudulent, criminal act by using entrusted authority power to unethical, illegal benefits, ill-gotten personal gain in between and or from defendants." Moreover, plaintiff claims "(1) wrongful use of actual, threatened force, violence, fear induced affiant petitioner applicant to give up property, property right wholesome and or relative in portion, (2) that defendants did use or attempted use affiant petitioner applicant scared to death, economic harm in order to induce the affiant petitioner applicant scared to give up property, property right wholesome and or relative in portion," and a "dishonest, fraudulent, criminal act by using entrusted authority power to unethical, illegal benefits, ill-gotten personal gain in between and or from defendants."

To the extent that plaintiff asserts a claim of criminal conduct, the United States Court of Federal Claims lacks subject matter jurisdiction to adjudicate such claims. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also Ali-Bey v. United States, 169 Fed. Cl. 729, 737 (2024) ("this Court lacks jurisdiction over criminal causes of action"); Okoro v. United States, 169 Fed. Cl. 462, 465 (2024) (citing Joshua v. United States, 17 F.3d at 379); Morisset v. United States, 169 Fed. Cl. 307, 309 (2024); Taylor v. United States, 168 Fed. Cl. 696, 700 (2023); Bishop v. United States, 166 Fed. Cl. 742, 746 (2023) ("the criminal code is beyond this Court's limited jurisdiction"); Starnes v. United States, 162 Fed. Cl. 468, 474 (2022) ("This Court lacks jurisdiction over any criminal law claims"); Whiteford v. United States, 148 Fed. Cl. 111, 122 (2020) ("[T]he Court of Federal Claims . . . lacks jurisdiction over criminal acts.") (alterations and omission added); Johnson v. United States, 144 Fed. Cl. 578, 582 (2019) ("The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action." (citations omitted)); Vincent v. United States, 135 Fed. Cl. 561, 563 (2017); Khalil v. United States, 133 Fed. Cl. 390, 392 (2017); Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) ("[T]his court does not have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts." (alterations

added) (internal citation omitted)); Mendes v. United States, 88 Fed. Cl. 759, 762, appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); McCullough v. United States, 76 Fed. Cl. 1, 4 (2006) (finding that the United States Court of Federal Claims lacked jurisdiction to consider plaintiff's criminal claims), appeal dismissed, 236 F. App'x 615, reh'g denied, (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007). Any allegations of criminal conduct by plaintiff also must fail for lack of jurisdiction in this court.

In addition, as described above, plaintiff's complaint also appears to challenge the decision issued by the Judge in the United States District Court for the Eastern District of Texas in plaintiff's previously filed case of Liu v. Specialized Loan Servicing LLC, effectively seeking to appeal that case in another forum. The only proper forum in which plaintiff could have appealed the decision from the United States District Court for the Eastern District of Texas is the United States Court of Appeals for the Fifth Circuit. Plaintiff's various claims of judicial misconduct brought in this court amount to attempts to review of previously issued federal court judicial decision. The United States Court of Appeals for the Federal Circuit has repeatedly held that the United States Court of Federal Claims lacks jurisdiction over claims that require the court to scrutinize the decisions of federal district courts. See Straw v. United States, 4 F.4th 1358, 1361 (Fed. Cir. 2021) ("[T]he Claims Court does not have jurisdiction to review the decisions of federal district courts." (alteration added)) (citing Petro-Hunt, L.L.C. v. United States, 862 F.3d 1370, 1384–85 (Fed. Cir. 2017)); Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); Innovair Aviation Ltd. v. United States, 632 F.3d 1336, 1344 (Fed. Cir.) ("[T]he Court of Federal Claims does not have jurisdiction to review the decision of district courts and cannot entertain a taking[s] claim that requires the court to scrutinize the actions of another tribunal." (internal quotation marks omitted; alterations in original)), reh'g en banc denied, (Fed. Cir. 2011), cert. denied, 565 U.S. 1147 (2012); Vereda Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to scrutinize the actions of another tribunal." (alteration added, internal quotation marks omitted)); Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir.) ("'[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts.'" (alterations added) (quoting Joshua v. United States, 17 F.3d at 380 (alteration added))), cert denied, 534 U.S. 1042 (2001); see also Stewart v. United States, 166 Fed. Cl. 723, 726 (2023), ("this Court lacks authority to review allegations of misconduct by other courts"), appeal dismissed, No. 2024-1304, 2024 WL 1549741 (Fed. Cir. Apr. 10, 2024); Yates v. United States, 150 Fed. Cl. 128, 137 (2020) ("[F]raud on another court does not allow this court to review the other court's judgment.") (alterations added); Carter v. United States, 142 Fed. Cl. 159, 162 (2019); Potter v. United States, 121 Fed. Cl. 168, 169 (2015). Therefore, because plaintiff's claims would require this court to review decisions by United States District Courts, this court does not have jurisdiction over plaintiff's claims.

Furthermore, if plaintiff is seeking declaratory or injunctive relief, these claims also fall outside this court's jurisdiction to review. Plaintiff seeks:

13

> <u>Timely</u> declaratory defendants billed, collected, obtained by ransom extortion joint subsequent several liability to the proceed in sum accumulative whatsoever amount for the purpose obstructing Congressional and Federal administrative Court proceeding…
>
> Order asset trace defendants billed, collected, obtained by ransom extortion joint subsequent several liability depository financial institution account and or accounts; and arrest, seize, freeze to forfeiture asset investment domestic offshore relevant traceable identifiable account property pursuant money laundering offenses… and, Order disgorgement or compensatory affiant petitioner applicant in the equal amount to three-fold defendants entire proceed in sum;
>
> Sequential procedural to the above protection Congress government process, then issue an order injunction specifically indefinitely defendants and or any person, entity or its agent from any activities direct or indirect in any connectivity to tampering with victims, witnesses, or informants…defendants and or any person, entity, or its agent device-to-lien on or any portion on the title affiant petitioner applicant (<u>Mr. Hao Liu</u>) owned the property allocated at "<u>18111 Drake Dr., Allen, Texas 75002-5804</u>" for any billing, collecting, obtaining due any fees, interest in the any amount by transfer all its attachment jurisdictional any matter to the "<u>Superior Court of the District of Columbia, Washington, D.C. 20001</u>" for ancillary aroused proceedings Congressional, Senate, AOUSC and or other Federal administrative entitled venue;
>
> Order subject magistrate subject judge and the entire <u>United States District Court Eastern District of Texas</u> whomever judicial officers, judicial employees are be in full disclosure to publish financial report filed…with any financial interest agreement, transaction, exchange in between defendants for effort to vindicating public interest trust confidence.

(omissions added, emphasis in original). The United States Court of Appeals for the Federal Circuit has explained that the United States Court of Federal Claims does not have general jurisdiction to grant injunctive relief. See <u>Bank of Guam v. United States</u>, 578 F.3d 1318, 1331 (Fed. Cir. 2009); <u>Doe v. United States</u>, 372 F.3d 1308, 1312 (Fed. Cir. 2004); <u>Martinez v. United States</u>, 333 F.3d 1295, 1303 (Fed. Cir. 2003). Although the court does have limited equitable jurisdiction, associated with certain special areas of the court's jurisdiction, as stated by the Federal Circuit:

> The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716–17 (Fed. Cir.1998); see also United States v. Tohono O'Odham Nation, 563 U.S. 307 (2011) (The United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers."). Moreover, in an action brought under 28 U.S.C. § 1491(a), this court can only provide declaratory or injunctive relief "as an incident of and collateral to" a judgment for money damages. See 28 U.S.C. § 1492(a)(2); see also Kaetz v. United States, 158 Fed. Cl. 422, 431 (2022). Therefore, plaintiff's claims for injunctive relief and declaratory judgment fall outside this court's jurisdiction and must be dismissed.

The court reminds Mr. Liu that litigation is serious business to be undertaken carefully and thoughtfully. The United States Court of Federal Claims "and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants." Constant v. United States, 929 F.2d 654, 659 (Fed. Cir. 1991). Further, "[w]here, as here, a party's argument flies in the teeth of the plain meaning of the statute and raises arguments with utterly no foundation in law or logic . . . the judicial process is abused and the funds provided by Congress via the taxpayers to the Justice Department are wasted." Abbs v. Principi, 237 F.3d 1342, 1351 (Fed. Cir. 2001) (alteration and omission added); see also Aldridge v. United States, 67 Fed. Cl. 113, 123 (2005). Plaintiff has been previously sanctioned and is subject to pre-filing injunctions in the United States Court of Appeals for the Fifth Circuit, United States District Court for the Northern District of Texas, and United States District Court for the Eastern District of Texas,[6] and has had several lawsuits dismissed for failure to observe the Eastern District of Texas pre-filing injunction.[7] In these courts, plaintiff has also been admonished for unauthorized practice of law, holding himself as counsel and representing the interests of the United States or others,[8] while his lawsuits have been found frivolous by multiple courts.[9] Not only are the

---

[6] See Hao Liu v. Plano Medical Ctr., 328 F. App'x 904; Liu v. Plano Med. Ctr., 3:08-CV-172 (N.D. Tex. Apr. 21, 2008); Liu v. Med. Ctr. of Plano et al., 4:09-CV-625, Dkt. 78 (E.D. Tex. Oct. 26, 2010) (prohibiting the plaintiff "from filing any civil action in this district without prior permission of the Court"); Hao Liu on Behalf of United States v. Hopkins Cnty., 2016 WL 11200229, at *6.

[7] See Liu v. Specialized Loan Servicing LLC, 2022 WL 18276698, at *2 ("[T]he Court recommends the Motion (Dkt. 1) be DENIED and the entirety of Plaintiff's claims be DISMISSED WITHOUT PREJUDICE because Plaintiff cannot assert claims on behalf of the United States or others and for his failure to strictly comply with the EDTX Pre-Filing Injunction." (alteration added; capitalization in original)).

[8] Hao Liu v. Wells Fargo Bank, 2019 WL 7875056, at *3 (citing Hao Liu v. Plano Med. Ctr., 328 F. App'x at 905; U.S. ex rel. Hao Liu v. Med. Ctr. of Plano, , 2010 WL 4226766, at *3; Liu v. Hopkins Cnty., et al., 4:16-CV-694 (E.D. Tex. Sept. 9, 2016); Liu v. Warren, 3:05-CV-1249-H (N.D. Tex. July 20, 2005).

[9] See Liu v. Specialized Loan Servicing LLC, 2022 WL 18276698, at *1 (citing Liu v. Med. Ctr. of Plano et al., 4:09-CV-625; Liu v. QBE-Com. Check #00361360 in $1,641.00 & Proceeds of All Funds in JPMorgan Chase Bank of Syracuse New York Acct. No.

allegations filed by Mr. Liu in this court not within this court's jurisdiction to adjudicate, for which reason this court dismisses plaintiff's complaint for lack of jurisdiction, plaintiff's claims are also dismissed as frivolous. See Moden v. United States, 404 F.3d 1335, 1340 (Fed. Cir. 2005) (acknowledging that the Court of Federal Claims lacks subject-matter jurisdiction over a frivolous claim); see also Thompson v. United States, 145 Fed. Cl. 641, 645 n.5 (2019) (citing United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013)).

## C O N C L U S I O N

Defendant's motion to dismiss plaintiff's case is **GRANTED**. Plaintiff's complaint is **DISMISSED**. The Clerk's Office shall enter **JUDGMENT** consistent with this Opinion.

**IT IS SO ORDERED.**

>                          s/Marian Blank Horn
>                          **MARIAN BLANK HORN**
>                          **Judge**

---

XXXXXXXXX, 5:21-cv-1111, 2021 WL 4819997, at *2-3 (N.D.N.Y. Oct. 15, 2021) ("Even accounting for his pro se status, Liu's complaint must be dismissed as frivolous . . . A review of Liu's complaint demonstrates that it is legally and factually frivolous. . . Courts routinely dismiss this kind of pro se complaint . . . Liu's litigation conduct has already led to sanctions and pre-filing injunctions in the Texas federal courts. Plaintiff is warned that the Northern District of New York is no more tolerant of vexatious litigation than the federal courts in Texas." (omissions added, internal citations and quotations omitted)); Hao Liu v. City of Allen, 2018 WL 2144363, at *6 ("[B]ecause of Plaintiff's continued insistence on representing the United States and his various family members, and the baseless and frivolous nature of his proposed Complaint, the undersigned recommends that Plaintiff's Motion to File A New Complaint be denied") (alterations added; internal citations omitted); Hao Liu on Behalf of United States v. Hopkins Cnty., 2016 WL 11200229, at *6 (finding "that monetary sanctions are warranted in this matter to deter Plaintiff from continuing to violate the Court's Orders and also to prevent the filing of further meritless or improper lawsuits in violation of this Court's (or other Courts') Pre-Filing Injunction") (capitalization in original).